UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRANDON HALL | ) |
|       *Plaintiff* | ) |
|  | ) |
| v. | ) |
|  | ) |
| JEAN-MARIE ANACREON and | ) |
| RASIER, LLC | ) |
|       *Defendants* | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Rasier, LLC ("Rasier") hereby gives notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Suffolk County, captioned *Brandon Hall v. Jean-Marie Anacreon, et al.,* Civil Docket No. 2084CV01149, to the United States District Court for the District of Massachusetts. As grounds for removal, Rasier states as follows:

1. Rasier removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about June 3, 2020, Plaintiff Brandon Hall ("Plaintiff") filed a complaint in the Massachusetts Superior Court for Suffolk County naming Uber Technologies, Inc. ("Uber") and Jean-Marie Anacreon ("Anacreon") as the defendants. On or about August 31, 2020,

Plaintiff moved to amend his complaint to substitute Rasier for Uber. Plaintiff's Amended Complaint ("Complaint") was filed on or about September 10, 2020. *See* **Exhibit A**.

3. Plaintiff alleges in his Complaint that he sustained injuries on September 15, 2018 when he was struck by a motor vehicle operated by Anacreon, who Plaintiff alleges was logged onto Rasier's app. *Id.*, pp. 1-3.

4. Plaintiff alleges that he suffered bodily injury and asserts negligent entrustment, *respondeat superior,* and strict liability against Rasier. *Id*. pp. 3-4

## TIMELINESS OF REMOVAL

5. Rasier was served with Plaintiff's Complaint on or about October 27, 2020.

6. This Notice of Removal is timely because it is filed within 30 days after the receipt by Rasier, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists in this matter because the defendants are citizens of different States from Plaintiff. *See* 28 U.S.C. § 1332(a).

8. Plaintiff alleges that he is an individual residing in Cambridge, Massachusetts. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiff is a citizen of Massachusetts.

9. Plaintiff alleges that Anacreon resides in Nashua, New Hampshire. Thus, for the purpose of determining whether diversity jurisdiction exists, Anacreon is a citizen of New Hampshire

10. At the time of the filing of the Complaint, Rasier was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Rasier is a citizen of Delaware and California.

11. There is complete diversity among the parties, because Plaintiff, Anacreon, and Rasier are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to his Complaint, Plaintiff "sustained serious personal injuries, incurred substantial medical bills, and expenses, and was prevented from performing his usual activities of daily living." *See* **Exhibit A**, p. 3.

14. Plaintiff's Civil Action Cover Sheet contains detailed itemizations of his claimed damages in excess of $100,000. *Id*. Specifically, Plaintiff's medical expenses are allegedly in excess of $24,236.47. In addition, Plaintiff claims lost wages and compensation to date, anticipated future medical and hospital expenses, and anticipated lost wages. Thus, it is apparent from the Complaint and the Civil Action Cover Sheet that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Rasier is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Rasier attaches all process, pleadings and orders that have been filed, served or received by Rasier in this action as **Exhibit B**.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Suffolk County.

18. Rasier will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Suffolk County, as required by 28 U.S.C. § 1446(d).

19. In removing this action, Rasier does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

20. Defendant Jean-Marie Anacreon consents to removal. Written consent is attached hereto as **Exhibit C.**

21. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Rasier, LLC respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

> Respectfully submitted by,
> Defendant
> RASIER, LLC
> By its attorneys,
>
> /s/ Christopher G. Betke
> _____
> Christopher G. Betke, BBO# 552588
> Lesley P. Chuang, BBO# 685698
> COUGHLIN BETKE LLP
> 175 Federal Street
> Boston, MA 02110
> (617) 988-8050
> cbetke@coughlinbetke.com
> lchuang@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Christopher G. Betke, hereby certify that on November 23, 2020, the foregoing Notice of Removal was filed electronically and served by mail, postage prepaid upon the parties listed below. Notice of the filing will be sent by email to all by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's ECF system.

Sean C. Joanis, Esq,
Jason D. Stone, Esq.
Jason Stone Injury Lawyers
225 Friend Street, Suite 102
Boston, MA 02214

> /s/ Christopher G. Betke
> _____
> Christopher G. Betke, Esq.