COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT

|  |  |
|---|---|
| BRANDON HALL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION No. |
|  | ) |
| JEAN-MARIE ANACREON AND | ) |
| RASIER, LLC. | ) |
|  | ) |
| Defendants. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Brandon Hall, ("Hall") is an individual residing in Cambridge, Middlesex County, Massachusetts.

2. The Defendant, Jean-Marie Anacreon ("Anacreon") is an individual residing at 5B Charles Street in Nashua, Hillsborough County, New Hampshire.

3. The Defendant, Rasier, LLC (Rasier) is a corporation doing business in accordance with the laws of the Commonwealth of Massachusetts with a principal place of business located 1455 Market Street, 4th Floor, San Francisco, San Francisco County CA 94103, with a registered agent listed as C T Corporation System, 155 Federal, Street. Suite 700, Boston, Suffolk County Massachusetts.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1-3 above as if fully set forth herein.

5. On or about September 15, 2018, the Plaintiff, Hall, was a pedestrian on Hammond Street in Cambridge, Massachusetts.

6. On or about September 15, 2018, a customer ordered the vehicle owned by Jean-Marie Anacreon and operated by Jean-Marie Anacreon through the Defendant, Rasier, LLC's, application.

7. On or about September 15, 2018, the Defendant Anacreon was operating his Rasier, LLC. account with the knowledge of the Defendant, Rasier, LLC.

1

8. On or about September 15, 2018, the Defendant, Anacreon, was accessing his Rasier, LLC., account with the knowledge of the Defendant, Rasier, LLC.

9. On or about September 15, 2018, the Defendant Anacreon was using his Rasier, LLC. account with the knowledge of the Defendant, Rasier, LLC.

10. On or about September 15, 2018, the Defendant Anacreon was operating his Rasier, LLC. account with the permission of the Defendant, Rasier, LLC.

11. On or about September 15, 2018, the Defendant Anacreon was accessing his Rasier, LLC. account with the permission of the Defendant, Rasier, LLC.

12. On or about September 15, 2018, the Defendant Anacreon was using his Rasier, LLC. account with the permission of the Defendant, Rasier, LLC.

13. On or about September 15, 2018, the Defendant, Anacreon, was operating his 2006 Chevrolet while logged into, accessing and using his own account with Defendant Rasier, LLC.

14. On or about September 15, 2018, the defendant, Rasier, LLC, knew that Defendant, Anacreon, was operating his 2006 Chevrolet while logged into, accessing and using Defendant Doe's Rasier, LLC. driver's account.

15. On or about September 15, 2018, the Defendant, Rasier, LLC. should have known that Defendant, Anacreon, was operating his 2006 Chevrolet while logged into, accessing, and using his Rasier, LLC, driver's account.

16. Following the fare, the Defendant, Anacreon's customer realized he left his phone in the 2006 Chevrolet.

17. In accordance with Rasier, LLC's policy, the customer contacted Rasier, LLC, to obtain the phone.

18. The Defendant, Anacreon, insisted on a reward for the phone, in contravention of Rasier, LLC's Policy.

19. Upon the customer's refusal to pay said "reward", Defendant, Anacreon crashed the 2006 Chevrolet into the Plaintiff, Hall's, body causing serious bodily injuries.

20. Before September 15, 2018, the Defendant, Rasier, LLC, knew or should have known that Defendant, Anacreon, was too dangerous to drive members of the community.

21. Before September 15, 2018, the Defendant, Rasier, LLC, knew or should have known that Defendant, Anacreon, was too incompetent to drive members of the community.

22. Before September 15, 2018, the Defendant, Rasier, LLC, knew or should have known that Defendant, Anacreon, was an unfit to drive members of the community.

23. As a result of the Defendant, Anacreon's negligence, the Plaintiff sustained serious personal injuries, incurred substantial medical bills, and expenses, and was prevented from performing her usual activities of daily living.

24. As a result of the Defendant, Rasier, LLC's negligence, the Plaintiff sustained serious personal injuries, incurred substantial medical bills, and expenses, and was prevented from performing his usual activities of daily living.

## COUNT I: NEGLIGENT ENTRUSTMENT
(Brandon Hall v. Rasier, LLC)

25. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

26. The Defendant, Rasier, LLC, owed a duty of reasonable care in the usage of its application to provide safe and accountable rides to all users, passengers, riders and members of the community using the Rasier, LLC, application, including but not limited to, Plaintiff, Hall.

27. The Defendant, Rasier, LLC, contracts drivers through its application entrusting them to transport riders safely from one specified location to another.

28. The Defendant, Rasier, LLC, entrusted an account to an incompetent and unfit person, more specifically, Defendant, Anacreon.

29. The Defendant, Rasier, LLC, entrusted its account to an incompetent and unfit person, more specifically, Defendant, Anacreon, which was the cause of Plaintiff, Brandon Hall's injuries.

30. The Defendant, Rasier, LLC, gave permission to operator, Defendant, Anacreon to drive his vehicle, by and through its application as an Rasier, LLC, driver.

31. The Defendant, Rasier, LLC, had actual knowledge of the incompetent nature and/or unfitness of the driver, defendant, Anacreon.

32. As a direct and proximate result of the Defendant, Rasier, LLC's, negligence, in failing to properly secure its application, Hall has suffered and will continue to suffer severe injuries, physical and emotional damages, loss of earning capacity, pain and suffering, and has been prevented from carrying on her usual activities of daily living.

WHEREFORE, the Plaintiff, Brandon Hall prays that this Honorable Court enter judgment against the Defendant, Rasier, LLC, on Count I, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper.

3

## COUNT II: VICARIOUS LIABILITY (RESPONDEAT SUPERIOR)
(Brandon Hall v. Rasier, LLC)

33. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1 – 32 above as if fully set forth herein.

34. At all times material hereto, the Defendant, Rasier, LLC, was responsible for the foreseeable consequences of the negligence and negligent acts of its agents, servants, and/or employees, including, without limitation, Defendant, Anacreon.

35. At the time of the incident the Defendant, Anacreon, was operating a motor vehicle, by and through the Defendant, Rasier, LLC's application, as the agent of the Defendant, Rasier, LLC.

36. At all times material hereto, the Defendant, Rasier, LLC, was and is, vicariously liable for all of the Plaintiff's foreseeable negligence-related injuries and damages.

37. The Plaintiff, Hall is entitled to compensation from the Defendant, Rasier, LLC, for all of his foreseeable injuries and damages for which the Defendant, Rasier, LLC, is vicariously liable.

38. As a direct and proximate result of the Defendant, Rasier, LLC's actions, Hall has suffered and will continue to suffer severe injuries, physical and emotional damages, loss of earning capacity, pain and suffering, and has been prevented from carrying on her usual activities of daily living.

WHEREFORE, the Plaintiff, Brandon Hall, prays that this Honorable Court enter judgment against the Defendant, Rasier, LLC, on Count II, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper.

## COUNT III: STRICT LIABILITY
(Brandon Hall v. Rasier, LLC.)

39. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1 – 38 above as if fully set forth herein.

40. The Defendant, Rasier, LLC, did knowingly place into the stream of commerce a defective product which was unreasonably dangerous, an application which placed dangerous individuals in position of trust and power over the public, using said application.

41. Despite available technology, Rasier, LLC, failed to take the appropriate actions to prevent dangerous and unfit individuals from using its application to contact the community and place members of the community in danger.

4

42. As Rasier, LLC, place a defective product which was unreasonably dangerous into the stream of commerce, it is strictly liable for the damages to Brandon Hall.

WHEREFORE, the Plaintiff, Brandon Hall, prays that this Honorable Court enter judgment against the Defendant, Rasier, LLC, on Count III, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper.

## COUNT IV: NEGLIGENCE
(Brandon Hall v. Jean-Marie Anacreon)

43. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1-42 above as if fully set forth herein.

44. The Defendant, Jean-Marie Anacreon, owed a duty of reasonable care in the operation of his motor vehicle to the community including but not limited to, Plaintiff, Hall.

45. The Defendant, Jean-Marie Anacreon, breached his duty of reasonable care in the operation of his motor vehicle by failed to keep a proper look-out and pay attention thereby striking the Plaintiff, Hall.

46. As a direct and proximate result of the Defendant, Jean-Marie Anacreon, negligence, Hall has suffered and will continue to suffer severe injuries, physical and emotional damages, loss of earning capacity, pain and suffering, and has been prevented from carrying on her usual activities of daily living.

WHEREFORE, the Plaintiff, Brandon Hall, prays that this Honorable Court enter judgment against the defendant, Jean-Marie Anacreon, on Count IV, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper.

## COUNT V: ASSAULT AND BATTERY
(Brandon Hall v. Jean-Marie Anacreon)

47. The Plaintiff realleges, repleads, and incorporates by reference paragraphs 1 – 46 above as if fully set forth herein.

48. At all times material hereto, the Defendant, Anacreon, had the intent to cause harm or offensive contact with Plaintiff, Brandon Hall.

49. At all times material hereto, the Defendant, Anacreon, had the intent to cause harm or offensive contact with Plaintiff, Brandon Hall, more specifically, hitting the Plaintiff with his car with intent to cause harm, for which harmful contact with the Plaintiff directly caused the intended result, serious personal injury to the Plaintiff.

5

50. As a direct and proximate result of the Defendant, Anacreon's, actions, Hall has suffered and will continue to suffer severe injuries, physical and emotional damages, loss of earning capacity, pain and suffering, and has been prevented from carrying on her usual activities of daily living.

WHEREFORE, the Plaintiff, Brandon Hall, prays that this Honorable Court enter judgment against the Defendant, Jean-Marie Anacreon, on Count V, in the full amount of any and all damages recoverable at law, cost, attorneys' fees, and for such other and further relief which this Court deems just and proper.

### THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted,
Brandon Hall
By her Attorneys,

Sean C. Joanis, Esq., BBO# 653582
Jason D. Stone, Esq., BBO# 647233
JASON STONE INJURY LAWYERS
225 Friend Street, Suite 102
Boston, MA 02114
617-523-4357
JDS@StoneInjury.com
SCJ@StoneInjury.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Brandon Hall <br> **ADDRESS:** Cambridge, Massachusetts | | **COUNTY** Suffolk |
| | **DEFENDANT(S):** 1. Jean-Marie Anacreon <br> 2. Uber, Inc. | |
| **ATTORNEY:** Sean C. Joanis <br> **ADDRESS:** 225 Friend Street, Suite 102 <br> Boston, MA 02114 | **ADDRESS:** 1. 5B Charles Street, Nashua, Hillsborough County, New Hampshire <br> 2. principal place of business 21 Walden Square Road, Apt 639, Cambridge, Massachusetts. <br> 2. Registered agent Emmanuel Partener 186 South Street, Boston, Massachusetts. | |
| **BBO:** | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Prope | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $ 14,000.91
2. Total doctor expenses .................................................................. $ 2,525.00
3. Total chiropractic expenses ......................................................... $ 0
4. Total physical therapy expenses .................................................. $ 5,364.56
5. Total other expenses (describe below) ........................................ $ 2,346.00
   Subtotal (A): $ 24,236.47

B. Documented lost wages and compensation to date ......................... $ TBD
C. Documented property damages to dated ....................................... $
D. Reasonably anticipated future medical and hospital expenses ........ $ TBD
E. Reasonably anticipated lost wages ................................................ $ TBD
F. Other documented items of damages (describe below) ................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Bimalleolar Ankle Fracture,

TOTAL (A-F): $ 100,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

**Signature of Attorney/Pro Se Plaintiff:** X       Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X       Date: 5/29/2